By the Court.

We cannot consider this as an encumbrance, for which the defendant is liable in damages. The facts must have been equally known to each of the parties, (a) The damage to the plaintiff arose from the diminished value of the pews in the general estimation. Had the proceeds of the sale of the pews exceeded the cost of the house, the plaintiff would have had his proportion of the benefit. The loss, therefore, is properly his.

Plaintiff nonsuit.

 [Vide Ingersol vs. Jackson (post, 495,) where it is said the fact of knowledge of the vendee “ cannot operate to protect the vendor from the consequences of his own voluntary contract." And in Townsend vs. Weld, (8 Mass. Rep. 146,) the law was laid down in like manner by the Court, who said, u Suppose the encumbrance known ; it was still competent to the defendant to covenant with his grantee to save him harmless from its effects; and if such was not his intention, he should have excepted it out of his general covenants." — Vide Ogilvie vs. Foljambe, 3 Meriv. 65. — Ed.]